UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

Earl F. Getschel and Virginia Getschel,

Plaintiffs

v.

MTG Divestitures, Inc., a Delaware Corporation, f/k/a Howmedica Inc.,

Defendant.

Civil No. 01-1942 (JMR/FLN)

**STIPULATION AND ORDER TO AMEND COMPLAINT**

---

The parties above named, by their respective counsel, do hereby stipulate and agree that the plaintiffs may serve and file an Amended Complaint substituting the name of the defendant as follows: MTG Divestitures, Inc., a Delaware Corporation, f/k/a Howmedica Inc., Defendant. Attached as Exhibit A to this Stipulation and Order is a copy of the Amended Complaint.

Dated: March 14, 2002.

MACKENZIE & HALLBERG, P.A.

By: ______________________
MARK HALLBERG (39639)
Attorneys for Plaintiff
150 South Fifth Street, Suite 2500
Minneapolis, MN 55402
(612) 335-3500

MAR 26 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Dated: March 13, 2002.

FAEGRE & BENSON

By: ______________________
PETER J. GOSS (267910)
Attorneys for Defendant
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 336-3026

**ORDER**

Pursuant to the above Stipulation, duly signed on behalf of the parties, it is hereby ordered that leave is granted for the plaintiffs to serve and file an Amended Complaint substituting the name of the defendant as follows: MTG Divestitures, Inc., a Delaware Corporation, f/k/a Howmedica Inc., Defendant.

Dated: March 26, 2002

**BY THE COURT:**

______________________
FRANKLIN L. NOEL
[illegible] MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Earl F. Getschel and Virginia Getschel,

Plaintiffs,

v.

MTG Divestitures, Inc., a Delaware Corporation, f/k/a Howmedica, Inc.,

Defendant.

Civil No. 01-1942 JMR/FLN

**AMENDED COMPLAINT**

Plaintiffs, for their causes of action against the defendant herein, allege and state as follows:

1. Jurisdiction of the United States District Court for the District of Minnesota exists pursuant to 28 U.S.C., § 1332 in that the matter in controversy exceeds the sum of Seventy-five Thousand ($75,000) Dollars, exclusive of interest, costs and disbursements and that the controversy is between citizens of different states.

2. At all times material hereto, plaintiffs, Earl F. Getschel and Virginia Getschel, were husband and wife and were residents of the State of Minnesota.

3. The defendant, MTG Divestitures, Inc., is the successor in interest to Pfizer, Inc., a Delaware Corporation, d/b/a Howmedica, Inc. At all times material hereto, Howmedica, Inc. was a wholly owned subsidiary of Pfizer, Inc. and was in the business of manufacturing and selling orthopedic devices, including femoral stem components throughout the United States of America, including Minnesota.

EXHIBIT

A

That Pfizer, Inc., d/b/a Howmedica, Inc, manufactured and sold a femoral stem component that was implanted in the body of plaintiff, Earl F. Getschel, on March 19, 1996.

4. That on or about December 4, 1998, Pfizer, Inc. sold the assets of Howmedica, Inc., its wholly owned subsidiary, to the Stryker Corporation. Thereafter, Pfizer, Inc. changed the name of Howmedica, Inc. to MTG Divestitures, Inc.

5. On or about March 19, 1996, plaintiff, Earl F. Getschel, underwent a medical procedure known as a total hip replacement at Fairview University Medical Center in Minneapolis, Minnesota. As a part of said medical procedure, Mr. Getschel's physician implanted in his body an orthopedic medical device known as a Howmedica femoral stem component that was manufactured by defendant. Said product had a catalog number of 6942-0-020 and a product lot code of DNHID 9535501. Said medical device was designed for the purpose of replacing the femoral neck of Mr. Getschel's hip joint.

6. In January of 1999, plaintiff, Earl F. Getschel, experienced an acute onset of pain in his right hip and thigh. X-ray analysis of the right hip joint revealed that the femoral component manufactured by defendant had failed in that there was a transverse fracture or crack in the medical device.

7. On or about February 10, 1999, plaintiff, Earl F. Getschel, underwent a revision of his right total hip arthroplasty for the sole purpose of removing the failed femoral component and replacing it with a new femoral component.

8. Defendant, acting through its agents and employees, designed, manufactured and sold the femoral component that was implanted into plaintiff Earl F. Getschel in an

unreasonably dangerous and defective condition that exposed plaintiff Earl F. Getschel to an unreasonable risk of harm or injury and defendant is therefore strictly liable in tort.

9. That defendant, acting through its agents and employees, in the design, manufacture and sale of the subject femoral component did so in a negligent manner that exposed plaintiff Earl F. Getschel to an unreasonable risk of harm or injury.

10. That defendant, acting through its agents and employees, designed, manufactured and sold the subject femoral component in a manner that breached express and implied warranties, including the warranty of fitness for a particular purpose.

11. As a result of the defendant's conduct in the negligent design, manufacture and sale of the medical device, the defendant's sale of a product in an unreasonably dangerous and defective condition and the defendant's breach of express and implied warranties, plaintiff Earl F. Getschel has been caused to sustain serious and bodily injury and has been damaged as follows:

a. He has suffered pain, suffering, disability and loss of enjoyment of life and will in the future suffer pain, suffering, disability and loss of enjoyment of life.

b. He has incurred medical, hospital and care expenses and will in the future incur medical, hospital and care expenses.

c. He has suffered a loss of earnings and a loss of earning capacity and will in the future suffer a loss of earnings and a loss of earning capacity.

d. He has been otherwise damaged.

12. As a direct and proximate result of the injury suffered by her husband, plaintiff, Virginia Getschel has suffered a loss of consortium and will in the future suffer a loss of consortium.

**WHEREFORE,** plaintiffs, and each of them, pray for judgment against the defendant herein for a reasonable amount in excess of Seventy-five Thousand Dollars ($75,000), together with their interest, costs and disbursements herein.

Dated: March 19, 2002.

MACKENZIE & HALLBERG, P.A.

By: ______________________

MARK HALLBERG (39639)
Attorneys for Plaintiffs
150 South Fifth Street, Suite 2500
Minneapolis, MN 55402
Telephone: (612) 335-3500
Fax: (612) 335-3504

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all of the issues of fact.

Dated: March 19, 2002.

MACKENZIE & HALLBERG, P.A.

By: ______________________

MARK HALLBERG (39639)
Attorneys for Plaintiffs
150 South Fifth Street, Suite 2500
Minneapolis, MN 55402
Telephone: (612) 335-3500
Fax: (612) 335-3504