**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**Civil No. 01-1942 JMR/FLN**

Earl F. Getschel and Virginia Getschel,

Plaintiffs,

vs.

**STIPULATION AND PROTECTIVE ORDER**

Pfizer Inc., a Delaware Corporation, d/b/a Howmedica Division of Pfizer Hospital Products Group,

Defendant.

---

## STIPULATION

WHEREAS, during the course of this action defendant Pfizer Inc. ("Pfizer") may produce or make available for inspection documents or other information that contains confidential business information, commercially secret or proprietary information, or other protected information; and

WHEREAS, pursuant to Rule 26.03 of the Minnesota Rules of Civil Procedure, the parties to this action mutually desire and agree to protect and maintain the confidentiality of all such information;

NOW THEREFORE, it is hereby stipulated and agreed among the parties hereto, by their respective undersigned counsel, that:

1. The Court may issue a Protective Order in the form set forth below; and

2. Prior to formal entry of the Protective Order, the parties agree to abide by its

FILED APR 5 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

terms as if the Order had been entered as of this date.

Dated: 14 March, 2002.

MACKENZIE & HALLBERG, P.A.

Mark Hallberg, #39639
150 South Fifth Street
Suite 2500
Minneapolis, MN 55402
(612) 335-3500

Attorneys for Plaintiffs

Dated: March 13, 2002.

FAEGRE & BENSON LLP

Joseph M. Price, #88201
Peter J. Goss, #267910
2200 Norwest Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 336-3000

Attorneys for Defendant Pfizer Inc.

**PROTECTIVE ORDER**

Based upon the foregoing Stipulation,

IT IS HEREBY ORDERED that:

1. This Protective Order applies to all documents and other products of discovery produced by defendant Pfizer, all information derived therefrom and including, but not limited to, all copies, excerpts or summaries thereof, obtained by the plaintiffs pursuant to the requirements of any court order, the requirements of self-executing discovery, requests under Rule 34 of the Minnesota Rules of Civil Procedure, answers to requests for admission under Rule 36 of the Minnesota Rules of Civil Procedure, answers to interrogatories under Rule 33 of the Minnesota Rules of Civil Procedure, and transcripts of depositions under Rule 30 or Rule 31 of the Minnesota Rules of Civil Procedure (hereafter "Discovery Material").

2. (a) Prior to giving access to any person to Discovery Material designated as confidential pursuant to paragraph 3 of this Order, counsel for the party intending to disclose such confidential Discovery Material shall furnish a copy of this Protective Order to the person being given access. The person being given access shall execute an Agreement to Maintain Confidentiality in the form annexed hereto as Exhibit A. Counsel shall retain executed Agreements to Maintain Confidentiality during the pendency of this action, and upon the termination of this action, those Agreements shall be filed under seal with the Court. The requirement to execute an Agreement to Maintain Confidentiality shall not apply to the Court, the undersigned counsel of record for a party (MacKenzie & Hallberg and Faegre & Benson, respectively) or members or employees of such counsel's law firm.

(b) The parties have agreed that Discovery Material designated as confidential under paragraph 3 hereof shall be used only for the purposes of the above-entitled action.

3. Defendant Pfizer may designate as confidential Discovery Material containing trade secrets or other confidential research and development or commercial and business proprietary information within the scope of Rule 26.03(g) of the Minnesota Rules of Civil Procedure ("Confidential Discovery Material"). Without prejudice to the right of these defendants to object to the production of the following categories of information or of the requesting party to seek production, the information subject to such designation under this Protective Order shall be limited to the defendants':

i. Customer names and customer purchasing history;

ii. Proprietary licensing, distribution, marketing, design, development, research and manufacturing information regarding products, whether previously or currently marketed or under development;

iii. Clinical studies;

iv. Information concerning competitors;

v. Production information, including manufacturing processes, records, materials, protocols, and vendors;

vi. Financial information not publicly filed with any federal or state regulatory authorities; and

vii. Information submitted to the FDA or other governmental agency that under applicable regulations is exempt from disclosure under the Freedom of Information Act, including Pre-Market Notification documents pertaining to the product that is the subject of this lawsuit.

4. Confidential Discovery Material, if a writing, shall contain a designation of "Confidential" stamped on the face of the writing or shall otherwise have language clearly

marked stating such writing is "subject to a Protective Order." Such stamping or marking will take place prior to production, or subsequent to selection by the receiving party for copying but prior to the actual copying, in the event Pfizer elects to produce and permit inspection of documents prior to confidential designation or in the event that the documents are not of a type or character that can readily be marked as such before production. The stamp or designation shall be affixed in such manner as not to obliterate or obscure any written matter. In the case of deposition testimony, confidentiality designations shall be made within thirty (30) days after the transcript has been received by counsel for the deponent, and shall specify the testimony being designated confidential by page and line number(s). Until the expiration of such 30-day period, the entire text of the deposition, including all testimony therein, shall be treated as confidential under this Protective Order. In the event that the producing party inadvertently fails to designate Discovery Material as confidential, it may make such a designation subsequently by notifying all parties to whom such Discovery Material was produced, in writing as soon as practicable. After receipt of such notification, the parties to whom production has been made will treat the designated Discovery Material as confidential, subject to their right to dispute such designation in accordance with paragraph 9 hereof.

5. In the event that any question is asked at a deposition which a party or nonparty asserts calls for confidential information, such question shall nonetheless be answered by the witness fully and completely, to the extent required by law. Counsel for the deponent shall, either at the deposition or within 30 days after receipt of the transcript thereof by said counsel, notify all counsel on the record or in writing that the information provided in such answer is confidential.

6. Confidential Discovery Material may not be used by any person receiving such Discovery Material for any business or competitive purposes and shall be used solely for the purposes of this action, as authorized by paragraph 2(b) hereof, and for no other purpose without prior written approval from the Court or the prior written consent of the producing party. All persons receiving or given access to Confidential Discovery Material in accordance with the terms of this Protective Order consent to the continuing jurisdiction of the Court for the purposes of enforcing this Protective Order and remedying any violations thereof.

7. (a) Subject to subparagraphs (b) and (c) below, Confidential Discovery Material shall not be disclosed to anyone other than the attorneys engaged in the conduct of this action, and to the employees of such attorneys directly involved in the conduct of such litigation.

(b) For the purposes of this action, attorneys may disclose Confidential Discovery Material to retained experts (including persons directly employed by such experts) and to any person expected to testify at trial or at a deposition to the extent that the Discovery Material relates to his/her proposed testimony. When so doing, the disclosing attorneys and the recipients of the Confidential Discovery Material shall comply with the terms of paragraph 2(a) hereof.

(c) All counsel and the employees and assistants of counsel receiving discovery shall take all steps reasonably necessary to prevent the disclosure of Confidential Discovery Material except as provided for under the terms of this Protective Order. Such Confidential Discovery Material shall be made available only to those persons counsel deems necessary in the conduct of the litigation.

(d) Disclosure of Confidential Discovery Material other than in accordance with the terms of this Protective Order shall subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

8. (a) If at any time a party wishes for any reason to dispute a designation of Discovery Material as confidential hereunder, such party shall notify the designating party of such dispute in writing, specifying the Discovery Material in dispute and the nature of the dispute. If the parties are unable amicably to resolve the dispute, the disputing party may apply by motion to the Court for a ruling as to whether the designated Discovery Material may, in accordance with Rule 26.03(g) of the Minnesota Rules of Civil Procedure and this Protective Order, properly be treated as confidential. The designating party shall have the burden of proof on such motion to establish the propriety of its confidentiality designation.

(b) All Discovery Material designated as confidential under this Protective Order, whether or not such designation is in dispute pursuant to subparagraph 8(a) above, shall retain that designation and be treated as confidential in accordance with the terms hereof unless and until:

i. The producing party agrees in writing, that the material is no longer confidential and subject to the terms of this Protective Order, or

ii. This Court enters an Order that the matter shall not be entitled to confidential status and that Order is not appealed within twenty (20) days after it is issued.

(c) The parties shall negotiate in good faith before filing any motion relating to this Protective Order.

9. This Protective Order shall not prevent any persons bound hereby from making use of information or documents without the restrictions of this Protective Order if

the information or documents are lawfully in their possession and/or lawfully obtained through discovery in this action or in any other litigation in which such information was not designated as "confidential" or subject to confidential treatment.

10. Any Confidential Discovery Material that is filed with the Court, and any pleading, motion or other paper filed with the Court containing or disclosing any such Confidential Discovery Material shall be filed under seal and shall bear the legend: "THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION COVERED BY A PROTECTIVE ORDER OF THE COURT AND IS SUBMITTED UNDER SEAL PURSUANT TO THAT PROTECTIVE ORDER. THE CONFIDENTIAL CONTENTS OF THIS DOCUMENT MAY NOT BE DISCLOSED WITHOUT EXPRESS ORDER OF THE COURT." Said Confidential Discovery Material and/or other papers shall be kept under seal under further order of the court; however, said Confidential Discovery Material and other papers filed under seal shall be available to the Court and counsel of record, and to all other persons entitled to receive the confidential information contained therein under the terms of this Protective Order.

11. (a) Nothing in this Protective Order shall prevent or restrict counsel for any party in any way from inspecting, reviewing, using or disclosing any Discovery Material produced or provided by that party, including Discovery Material designated as confidential.

(b) Nothing shall prevent disclosure beyond that required under this Protective Order if the producing party consents in writing to such disclosure, or if the Court, after giving notice and an opportunity to be heard to all affected parties, orders such disclosure.

(c) No disclosure pursuant to this paragraph 11 shall waive any rights or

privileges of any party granted by this Protective Order.

12. This Protective Order shall not enlarge or affect the proper scope of discovery in this or any other litigation, nor shall this Protective Order imply that Discovery Material designated as confidential under the terms of this Protective Order is properly discoverable, relevant to, or admissible in this or any other litigation.

13. The inadvertent production or disclosure of an attorney-client privileged or protected work product document shall not be deemed either a general waiver of privilege or work product protection by the producing party or a waiver of privilege or work product protection as to the document inadvertently produced or disclosed. In the event of inadvertent disclosure of an attorney-client privileged or protected work product document, promptly upon discovery of such inadvertent disclosure, the producing party may move the Court for a protective order with respect thereto. Upon finding that the document is privileged or otherwise protected and that its production was inadvertent, the Court may direct the return of the document and all copies thereof to the producing party, preclude the use of the document and any information contained therein for any purpose in this litigation, and order such other relief as the Court deems necessary and appropriate. Before making application to the Court for such relief, the producing party shall confer with counsel for each of the other parties in an attempt consensually to resolve any dispute regarding the inadvertent production.

14. The entry of this Protective Order shall be without prejudice to the rights of the parties, or any one of them, or of any non-party to assert or apply for additional or different protection at their discretion.

15. All counsel of record in this matter shall make a good faith effort to comply

with the provisions of this Protective Order and to ensure that their clients do so. In the event of a change in counsel, retiring counsel shall fully instruct new counsel of their responsibilities under this Order.

16. The terms of this Protective Order shall survive and remain in effect after the termination of this case. The parties shall take such measures as are necessary and appropriate to prevent the public disclosure of Confidential Discovery Material, through inadvertence or otherwise, after the conclusion of this case.

17. Within thirty days of the final resolution of this action, all Confidential Discovery Material shall be returned to Pfizer, together with all copies thereof, or counsel for Plaintiffs shall certify in writing that such Confidential Discovery Material, and all copies thereof, has been destroyed.

18. This Protective Order does not restrict or limit the use of Confidential Discovery Material at any hearing or trial. Nothing in this Protective Order, however, shall prevent any party from seeking an appropriate protective order to govern such use of Confidential Discovery Material at a hearing or trial.

BY THE COURT:

Dated: April 5, 2002.

Franklin L. Noel

Hon. Franklin L. Noel

M2:20443974.01

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**Civil No. 01-1942 JMR/FLN**

Earl F. Getschel and Virginia Getschel,

Plaintiffs,

vs.

Pfizer Inc., a Delaware Corporation, d/b/a Howmedica Division of Pfizer Hospital Products Group,

Defendant.

**AGREEMENT TO MAINTAIN CONFIDENTIALITY**

---

The undersigned hereby acknowledges that he/she has read the stipulation for the entry of a protective order dated ________________, and entered in the United States District Court for the District of Minnesota in the above-captioned action, that he/she understands the terms thereof, that he/she agrees to be bound by such terms, and that he/she agrees not to disclose any confidential Discovery Material to any person other than as permitted by the protective order.

____________________________ Date

____________________________ Signature

M2:20443974.01